IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01125-BNB

BENITO MEDINA,

    Plaintiff,

v.

ALAMOSA COUNTY,
DAVE STRONG, Sheriff,
DON PETOSS, Sheriff [sic] Deputy,
JANE DOE, Sheriff Deputy, and
SARGENT RON GOODMAN,

    Defendants.


FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT -8 2008

GREGORY C. LANGHAM
                CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE FINAL AMENDED COMPLAINT

---

Plaintiff, Benito Medina, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. He filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993). Mr. Medina has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006).

On July 9, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Medina to file within thirty days an amended that sued the proper parties, that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and that asserted each defendant's personal participation in the alleged constitutional violations. On October 3, 2008, after being granted two extensions of time, Mr. Medina filed the amended complaint.

The Court must construe the amended complaint liberally because Mr. Medina is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the ***pro se*** litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Medina will be ordered to file a second and final amended complaint.

In the complaint he originally filed, Mr. Medina alleged that on March 24, 2007, while he was incarcerated at the Alamosa County Jail, he was attacked by a co-inmate, Defendant Moses Zamora, because Defendants Don Petoss and the unidentified sheriff's deputy named as Jane Doe unlocked the doors to his cell and to Mr. Zamora's cell, allowing Mr. Zamora to attack him by biting his inner thigh and causing a severe puncture wound resulting in disfigurement and permanent nerve damages.

In the amended complaint, Mr. Medina fails to allege any facts pertinent to the assault he allegedly experienced. Instead, he apparently expects the Court and Defendants to rely upon the facts asserted in the complaint he originally filed. As a result, his amended complaint is vague and conclusory, and fails to comply with the pleading requirements of Fed. R. Civ. P. 8.

The second and final amended complaint Mr. Medina will be directed to file must comply with the pleading requirements of Fed. R. Civ. P. 8. As he was informed in the July 9, 2008, order for an amended complaint, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. ***See Monument Builders of Greater Kansas City,***

2

*Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Medina must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights, and the relief he seeks. In order for Mr. Medina "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

As directed in the July 9, 2008, order for an amended complaint, Mr. Medina must allege each defendant's personal participation. Personal participation by the

named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Medina must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Medina may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Medina uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Medina should be given an opportunity to file a second and final amended complaint. He will be directed to do so below. In addition, no extensions of time will be granted without sufficient cause.

Finally, Mr. Medina must provide sufficient copies of the second and final amended complaint to serve each named defendant. The Court will not make the

copies necessary for service. Therefore, Mr. Medina should review his claims carefully to ensure that he has made sufficient factual allegations, as well as asserted how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Medina file **within thirty (30) days from the date of this order** an original and a copy of a second and final amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the second and final amended complaint shall be titled "Second and Final Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Medina, together with a copy of this order, two copies of the following form to be used in submitting the second and final amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Medina submit sufficient copies of the second and final amended complaint to serve each named defendant. It is

FURTHER ORDERED that no extensions of time will be granted without sufficient cause. It is

FURTHER ORDERED that, if Mr. Medina fails to file an original and sufficient copies of a second and final amended complaint that complies with this order to the

Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED October 8, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01125-BNB

Benito Medina
Prisoner No. 135975
Crowley County Correctional Facility
6564 State Highway 96
Olney Springs, CO 81062

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** form to the above-named individuals on 10/8/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk